KLEES, Judge.
This suit arose as a result of a rear-end collision between the plaintiff, Charmaine Housey, and the defendant, Onterio Smith. The plaintiff also named as defendants in this suit, Rinal Martin of the New Orleans Police Department and the City of New Orleans as Mr. Martin’s employer. Ms. Housey brought suit against Mr. Martin and the City alleging their liability for her damages because of an illegal right turn Mr. Martin made which allegedly caused Ms. Housey to stop, resulting in her being rear-ended by Ms. Smith.
The City and Rinal Martin made a third party demand against their co-defendant Ms. Smith, which was not answered. Ms. Smith failed to respond to the plaintiff’s petition and preliminary defaults were entered against her. She was not present at trial.
The trial court rendered judgment for the plaintiff, Charmaine Housey, and against the defendants, City of New Orleans and Rinal Martin, only, in the amount of $5,363.57. It is from this judgment that the defendants appeal. The issues presented on appeal are that 1) the trial court erred in not finding plaintiff negligent, in that she was following too close, and 2) the court erred in not holding that a following motorist who strikes a preceding motorist is presumed to have breached the standard of care required by LSA R.S. 32:81. We affirm the judgment of the trial court.
FACTS
On December 20, 1980 at approximately 10:45 p.m., the defendant, Rinal Martin, the plaintiff, Ms. Housey, and the defendant, Onterio Smith, were proceeding in a westerly direction on Palmetto Street in the City of New Orleans. All three vehicles were in the right lane of the street as they travelled across the Palmetto Street overpass. Martin, driving an unmarked police vehicle, preceded Housey who in turn preceded Smith.
With regard to the first issue, the testimony of both Housey and Martin was to the effect that Housey was following at a safe distance behind Martin. Martin testified that he signalled and slowed to make a right turn onto Hamilton Street at the bottom of the overpass. There is a no right turn sign at Hamilton Street which Mr. Martin stated he was not aware of at the time he turned. Yet to get onto Hamilton Street, which is just at the bottom of the overpass, a driver must go over a roll curbing which projects from the bottom of the overpass to a point beyond Hamilton Street. The plaintiff testified that she saw no turn signal, only the defendant’s brake lights as he turned. Housey indicated that she was about 30 feet away when she noticed his turn and Martin stated that no vehicles were close to him when he began his turn. Housey also testified that she anticipated that he was going to make an illegal turn. Housey testified that she was forced to come to a sudden and complete stop in order to avoid hitting Martin. She was then hit from the rear by the defendant, Onterio Smith, immediately upon stopping.
*797 Even though the testimony as to most of the sequence of events is conflicting and contradictory, there is sufficient evidence in the record which indicates that Housey was not following too close. LSA R.S. 32:81(A) requires that a driver shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. If a driver observed LSA R.S. 32:81(A) they would have their vehicle under such control and at such a distance that they could stop safely without hitting the preceding motorist. Housey did not hit Mr. Martin and there is no evidence other than that presented by the plaintiff and the defendant, Martin, which would indicate that Housey was following too close. Based on the evidence and testimony presented, the trial court’s conclusion that Housey was not negligent in following too close was correct.
The second issue, the presumption of negligence relates to the defendant, Onterio Smith, who neither answered nor appeared at trial. There is no question from the record that this was a rear-end collision and that Smith rear-ended Housey. The burden was then on Smith, as the following motorist, to exculpate herself by establishing that she kept her vehicle under control, closely observed the forward vehicle and followed at a safe distance under the circumstances. Eubanks v. Brasseal, 310 So.2d 550 (La.1975) at p. 583. The record is completely devoid of any testimony or evidence to this effect. Smith did not answer this suit and chose not to defend herself for whatever reason and the plaintiff is entitled to proceed to judgment against Smith.
The trial court in its reasons for judgment stated that:
The sudden turning by Rinal Martin caused plaintiff to suddenly stop her vehicle, and, in so doing, she was rear-ended by a vehicle which was travelling in the rear of her vehicle. The impact caused the injury from which plaintiff has been suffering, and which forms the basis of the within suit. While the city-owned vehicle did not come into contact with the vehicle being driven by plaintiff, the fact remains that had Rinal Martin not made the illegal turn, plaintiff would not have had reason to stop her vehicle. The Court is of the opinion that the ‘but for’ doctrine is applicable in this case. Had it not been for the illegal turning of the vehicle being driven by defendant’s employee, the accident would not have happened.
It would appear to this court that under the particular set of circumstances which occurred in this case, the trial court found that defendant Martin breached a duty of care to plaintiff Housey and' became liable.
There is presumably a reason why the City saw fit to make a right turn at the bottom of the Palmetto Street overpass illegal. Allowing vehicles to turn at the base of the overpass over a curb would create a hazard for following vehicles traveling on the overpass. Mr. Martin created just such a hazardous situation. A cautious or an inattentive driver would be entitled to rely on the assumption that a right turn will not be executed where it is forbidden. Mr. Martin had a duty to observe this city ordinance, he did not observe it. He thereby created a situation in which the following motorists were forced to abruptly stop resulting in this rear-end collision. Plaintiff was one of the persons to be protected by such an ordinance. Mr. Martin’s negligence is the cause in fact of the subsequent collision under the duty/risk analysis expounded in Dixie Drive It Yourself System v. American Beverage Co., 137 So.2d 298 (La.1962) as this accident would not have occurred had Rinal Martin not ma’de his turn.
Accordingly, for the reasons stated above, the judgment of the trial court in finding no negligence on the part of plaintiff is affirmed. We affirm the finding of the trial court as to Mr. Martin’s negligence and the City of New Orleans’ liability. Costs to be borne by appellant.
AFFIRMED.